# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NICOLE ELPHAGE,

          **Plaintiff,**

-vs-                                    **Case No. 6:04-cv-821-Orl-18DAB**

COMMISSIONER OF SOCIAL
SECURITY,

          **Defendant.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNCONTESTED PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412 (Doc. No. 21)** |
| **FILED:** | **April 26, 2005** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

      This application follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 19 and 20).

      Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed;

the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

The unopposed motion seeks an award of attorney's fees in the amount of $2,474.65, calculated at the rate of $151.65 per hour ($125.00 adjusted for cost of living increase of 21.32% (Consumer Price Index)) for 14.40 hours of work expended in 2004; and $153.10 per hour ($125.00 adjusted for cost of living increase of 22.48% (Consumer Price Index)) for 1.90 hours expended in January 2005.  *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir.1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate); Doc. No. 22, Ex. 1 (CPI table).  Upon review of the supporting papers filed by Plaintiff and there being no objection by the Defendant (*see* Doc. No. 21), the Court finds that these sums are reasonable and an award is appropriate under the EAJA.  It is therefore **ORDERED** that the motion is **GRANTED** and judgment be entered in the amount of **$2,474.65**[1] for attorney's fees and **$26.50** for expenses.

**DONE** and **ORDERED** in Orlando, Florida on April 26, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1]It appears there is a typographical error in Plaintiff's Memorandum in Support of the Motion (Doc. No. 22) which incorrectly refers to the total amount sought as $3,501.15.

-2-